IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RANDALL C. STEWART,<br><br>  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>  Defendant. | CV-13-105-GF-BMM-RKS<br><br>**FINDINGS AND<br>RECOMMENDATIONS OF<br>MAGISTRATE JUDGE** |

**I. Synopsis**

Randall Stewart seeks disability benefits under the Social Security Act. An Administrative Law Judge determined he is capable of performing work that exists in significant numbers in the national economy, despite severe impairments, and therefore is not entitled to benefits. That determination is supported by substantial evidence and not based on legal error. It should be affirmed.

## II. Jurisdiction

The District Court has jurisdiction under 42 U.S.C. § 405(g). This case is assigned to United States District Judge Brian Morris and referred to the undersigned to submit findings and recommendations on dispositive motions. Doc. 13. Venue in the Great Falls Division of the District of Montana is proper because Mr. Stewart resides in Cascade County, Montana. 28 U.S.C. §1391(e); Local Rule 1.2(c)(3).

## III. Status

Mr. Stewart applied for disability benefits in August 2010, alleging that he had been disabled since November 2007. Tr. 149-150. The Social Security Administration denied his claim. Tr. 107-109. Mr. Stewart requested reconsideration. Tr. 112. The Social Security Administration had a physician and disability examiner review his claim, and affirmed denial of the claim. Tr. 113.

Mr. Stewart requested a hearing with an Administrative Law Judge (ALJ). Tr. 115. That hearing was conducted in May 2012, and Mr. Stewart was present with counsel. Tr. 28-95. In its July 2012 decision, the ALJ determined Mr. Stewart did not qualify for benefits. Tr. 12-23. Mr. Stewart asked the Social Security Administration Appeals Council to review the decision. Tr. 11. The Council denied that request, making the ALJ's decision the final decision of the

Commissioner of Social Security. Tr. 5-8.

Mr. Stewart sought judicial review via this action. Doc. 1. Mr. Stewart filed a motion for summary judgment. Doc. 14. The motion is fully briefed. Docs. 15-17.

## IV. STANDARDS

**Court's role**

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

To determine if a claimant is disabled, the Commissioner follows a five-step evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process ends. *Id.* at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. *Id.* At step two, the claimant must demonstrate that she has a severe impairment. *Id.* At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four

provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id*. If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## V. Facts

**ALJ's determination**

At step one, the ALJ determined that Mr. Stewart has not engaged in substantial gainful activity since his alleged disability onset date.

At step two, the ALJ found that Mr. Stewart has two severe impairments: cervical degenerative disc disease and lumbar degenerative disc disease.

At step three, the ALJ found that Mr. Stewart's impairments do not establish a disability under the Listing of Impairments.

At step four, the ALJ determined that Mr. Stewart is unable to perform any past relevant work.

At step five, the ALJ found that Mr. Stewart has the residual functional capacity to perform a reduced range of medium work and could do work that exists

in significant numbers in the national economy.

Tr. 15-23.

**Plaintiff's position**

Mr. Stewart argues the ALJ's decision should be reversed or the case remanded because the decision is based on several legal errors. Specifically, he argues:

1. The ALJ erred at Step 3 by finding that Mr. Stewart's impairments did not satisfy the Listing of Impairments;

2. The ALJ discounted or ignored the findings and opinions of Dr. Patrick Galvas without adequate explanation;

3. The ALJ erred in finding that Mr. Stewart's medical conditions have improved;[1]

4. The ALJ discounted a portion of Mr. Stewart's testimony without adequate explanation; and

5. The ALJ discounted or ignored the findings and opinions of the vocational consultant.

Doc. 15 at 6.

# VI. Analysis

---

[1]Though Mr. Stewart raised this issue in his Statement of Issues, he did not address it elsewhere in his brief, and he cited no authority in its support. Doc. 15 at 6. The Court will not address this issue. A court "will not do an appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *W. Radio Servs. Co. v. Qwest Corp*, 678 F.3d 970, 979 (9th Cir. 2012).

### A. Mr. Stewart did not meet his burden to show his impairments satisfy the Listing of Impairments.

Mr. Stewart argues the ALJ erred by ignoring the medical evidence that he met the requirements of Listing 1.04A. Doc. 15 at 6, 19-20. Listing 1.04A requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

Mr. Stewart also argues the ALJ erred by adding a requirement of "inability to ambulate effectively" to Listing 1.04A. However, the ALJ's finding that "there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively" addressed Listing 1.04C, which is not at issue in this appeal. *See* Tr. 18.

Mr. Stewart has the burden of proving he has impairments that meet the criteria of the Listing of Impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). To show that a claimant's unlisted impairment, or combination of impairments, is "equivalent" to a listed impairment, the claimant

"must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id*. at 531 (citing 20 C.F.R. § 416.926(a) (1989); SSR 83-19) (emphasis in original).

Mr. Stewart has failed to show that his impairments match or equal a listed impairment. His impairments do not meet all of the specified medical criteria; instead, the record suggests Mr. Stewart had normal motor function and negative straight-leg raise testing. Tr. 259, 305, 352. Mr. Stewart offered no theory as to how his impairments combined to equal a listed impairment. His conclusory statement that "[t]he records establish [he] met or equaled the Listing" is not sufficient to establish legal error by the ALJ. *Lewis v. Apfel*, 263 F.3d 503, 514 (9th Cir. 2001) ("Lewis has offered no theory, plausible or otherwise, as to how his seizure disorder and mental retardation combined to equal a listed impairment. Nor has he pointed to evidence that shows that his combined impairments equal a listed impairment."). The ALJ's finding that Mr. Steward did not have an impairment that met or equaled the criteria of a listed impairment was supported by substantial evidence[2] and free of legal error.

---

[2] Though the ALJ did not address the relevant medical evidence at step three, he addressed it elsewhere in his decision. Tr. 19-20; *Lewis*, 263 F.3d at 513 (The ALJ sufficiently discussed relevant evidence even though he included it in his "Statement of the Case," instead of in the decision's "Findings.").

**B.    The ALJ permissibly disregarded the limitations recommended by Dr. Galvas.**

The ALJ found that Dr. Galvas's April 2012 opinions regarding Mr. Stewart's limitations were not supported by Dr. Galvas's treatment notes or by Mr. Stewart's testimony. Tr. 21.

Dr. Galvas was Mr. Stewart's treating physician. In April 2012, Dr. Galvas reported that Mr. Stewart needed (1) to lie down or use a recliner for one hour in each eight-hour day and (2) to elevate his feet at waist level or above for one hour in each eight-hour day. Tr. 520. He also limited Mr. Stewart to lifting and carrying twenty pounds occasionally. Tr. 516. As Dr. Galvas gave several opinions, the ALJ only considered the most recent limitations recommended by Dr. Galvas in April 2012. Tr. 21. Mr. Stewart argues the ALJ failed to adequately explain why he did not accept these opinions. Doc. 15 at 6, 23. He further argues the medical records and Mr. Stewart's testimony establish an objective basis for all of Dr. Galvas's opinions. Doc. 15 at 23-24.

Medical opinions of a treating physician are generally entitled to greater weight than opinions from non-treating physicians. 20 C.F.R. § 404.1527(c)(2); *see Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989). An ALJ may give "controlling weight" to a treating physician's medical opinion only if it is well-supported and consistent with other substantial evidence in the record. 20 C.F.R. §

404.1527(c)(2); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). To determine whether the ALJ had to give Dr. Galvas's opinions "controlling weight" or could reject the opinions for "specific and legitimate" reasons, the undersigned must first determine whether Dr. Galvas's opinions were consistent with the other substantial evidence in the record.

Nothing in Dr. Galvas's treatment notes limited Mr. Stewart to walking, standing, or sitting for less than eight hours. Tr. 514. Indeed, the record reflects that Mr. Stewart's symptoms were improving and responding to treatment. Tr. 439-40, 443, 515, 533. Mr. Stewart's therapist opined that Mr. Stewart could lift a maximum of 50 pounds from his waist to the floor and a maximum of 40 pounds from his waist to crown. Tr. 251. She did not recommend any limitations to his standing, walking, or sitting. Tr. 251. Dr. William Fernandez found Mr. Stewart capable of standing and/or walking for about six hours in an eight-hour workday and of sitting for about six hours in an eight-hour workday. Tr. 439. Thus, Dr. Galvas's April 2012 limitations were inconsistent with other evidence, and the

undersigned must only determine if the ALJ provided "specific and legitimate reasons" to discredit a portion of Dr. Galvas's testimony.

The ALJ determined that Dr. Galvas's opinions were inconsistent with the medical evidence. Tr. 21. This is a specific and legitimate reason and is supported by substantial evidence. Tr. 251, 439-40, 443, 514-15, 533. The ALJ also concluded Dr. Galvas's opinion that Mr. Stewart could lift and carry twenty pounds occasionally and ten pounds frequently was inconsistent with Mr. Stewart's testimony that over the course of five years he had "only rarely" been able to lift 40 pounds. Tr. 21, 83. Though this is not a particularly glaring inconsistency, it is specific and legitimate reason provided by the ALJ for his credibility finding. The ALJ adequately supported his determination of Dr. Galvas's testimony by providing specific and legitimate reasons.

### C. The ALJ provided adequate reasons to discount a portion of Mr. Stewart's testimony.

The ALJ found Mr. Stewart "described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations, which weakens his credibility." Tr. 19. The ALJ referenced Mr. Stewart's testimony that, "physically, he could be a home inspector if he could afford to get his business running," and that he does not take any medications on a regular basis. Tr. 19-20, 47, 60. The ALJ noted Mr. Stewart quit the Montana

Vocational Rehabilitation Program, which provided assistance with business start-up needs and costs. Tr. 19, 196-97.

Mr. Stewart argues that the ALJ "erred in finding Randall's testimony relative to his limitations not credible without an analysis required under 20 C.F.R. § 404.1529(c)(3)." Doc. 15 at 26-27. That regulation provides:

> . . . symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account . . .

20 C.F.R. § 404.1529(c)(3).

The ALJ did take into account the limitations that he accepted as consistent with other evidence and specifically referenced 20 CFR § 404.1529. Tr. 18. A claimant's everyday activities may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). The ALJ sufficiently[3]

---

[3]There is some confusion as to the Ninth Circuit's standard for reviewing an ALJ's claimant-credibility determination. In *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc), the court held that the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell*, 947 F.2d at 345-46. Subsequently, some Ninth Circuit panels have applied a higher standard, requiring the ALJ to provide "clear and convincing" reasons to reject a claimant's testimony. See e.g. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). *Bunnell*, however, has not been overturned. See *United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995) (only a court sitting en banc can

explained why he considered Mr. Stewart's testimony non-credible with respect to the extent of his limitations. He stated that the testimony was inconsistent with Mr. Stewart's daily activities such as cutting firewood with a chainsaw, biking, cooking, and building a birdhouse. Tr. 19. He also pointed to Mr. Stewart's testimony that he was physically able of being a part-time home inspector, that he had quit the Montana Vocational Rehabilitation Program "because he was sick of doing things twice," and that he did not take any medications on a regular basis. Tr. 19-20, 43, 196. The ALJ evidently reasoned that if Mr. Stewart remains able to perform ordinary household and personal tasks without regular medication and is physically able to perform home inspections on a part-time basis, then he has not carried his burden of proving that his limitations prevent him from performing a reduced range of medium work. *See* 20 C.F.R. § 404.1572(a) (part-time work may be substantial work). The ALJ's credibility determination was not legal error.

> D.  **The ALJ properly relied on a vocational expert's testimony that considered Mr. Stewart's credible limitations.**

The ALJ concluded Mr. Stewart was capable of performing a reduced range of medium work and jobs he can perform exist in significant numbers in the

---

overturn en banc precedent); see also *Ballard v. Apfel*, 2000 WL 1899797, *n. 1 (C.D. Cal. 2000) (while some Ninth Circuit panels have stated that the ALJ must provide clear and convincing reasons to find claimant's testimony not credible, this is an unwarranted elaboration of the en banc holding in *Bunnell*). Here, either standard is satisfied.

national economy. Tr. 22.

Mr. Stewart argues the ALJ erred by relying on a vocational expert's testimony that did not take into account Dr. Galvas's opinions regarding limitations, Mr. Stewart's testimony, and the medical evidence. Doc. 15 at 6, 25-26. He contends the ALJ should have relied on testimony based on a hypothetical that included additional limitations. Doc. 15 at 25-26.

The ALJ relied on testimony that addressed the limitations he believed Mr. Stewart actually had. As discussed above, the ALJ's findings with respect to Mr. Stewart's limitations are supported by substantial evidence and not based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly relied on response to hypothetical that "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record"). The ALJ did not err in relying on the vocational expert's responses to the hypothetical questions.

## VII. Conclusion

The ALJ's determination is supported by substantial evidence, and is not based on legal error. Mr. Stewart did not show that his impairments satisfy the Listing of Impairments so as to automatically establish disability. The ALJ must consider conflicting evidence and weigh credibility. He adequately explained his

credibility decisions. The ALJ properly relied on the vocational expert's testimony.

The Court FINDS:

1. The ALJ's determination is supported by substantial evidence.

2. The ALJ's determination is not based on legal error.

The Court RECOMMENDS:

1. Mr. Stewart's Motion for Summary Judgment (Doc. 14) should be DENIED.

2. The Clerk of Court should be directed to enter judgment in favor of CAROLYN W. COLVIN, Acting Commissioner of Social Security.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 9th day of December, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge