**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| RANDALL C. STEWART, | **CV 13-105-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.    SYNOPSIS

Plaintiff Randall C. Stewart seeks judicial review of the decision of

Defendant Carolyn W. Colvin ("Commissioner"), the acting Commissioner of

Social Security, to deny Stewart's application for disability benefits. (Doc. 1).

Stewart moved for summary judgment on May 12, 2014. (Doc. 14). United States

Magistrate Judge Keith Strong issued Findings and Recommendations on

December 9, 2014, that recommended this Court deny Stewart's motion and enter

judgment in favor of the Commissioner. (Doc. 18). Stewart timely filed objections

to the Findings and Recommendations, and the Commissioner has responded.

(Docs. 19, 20).

The Court will review de novo the portions of the Findings and Recommendations to which Stewart objects. 28 U.S.C. § 636(b)(1). The Court will review for clear error the remainder of the Findings and Recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## II.    JURISDICTION

Stewart resides in Cascade County, Montana. Cascade County lies within the Great Falls Division of the District of Montana. The Court has jurisdiction under 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(e) and Local Rule 1.2(c)(3).

## III.    FACTUAL BACKGROUND

The Court adopts by reference the background facts, administrative record, and procedural history as enumerated in the Findings and Recommendations. (Doc. 18). Stewart applied for disability benefits in August 2010 seeking to establish a period of disability and his entitlement to disability insurance benefits under the Social Security Act. The Commissioner denied Stewart's claim in October 2010. The Social Security Administration ("SSA") denied Stewart's claim on reconsideration in March 2011.

Stewart requested a hearing. The Administrative Law Judge ("ALJ")

conducted a hearing in May 2012. The ALJ issued a decision in July 2012 that

denied Stewart disability benefits. (AR 17-23).

The ALJ found that Stewart met the insured status requirements of the

Social Security Act through December 31, 2012. (AR 17). The ALJ conducted the

five-step disability evaluation process and determined that (1) Stewart had not

engaged in substantial gainful activity since his alleged disability onset date; (2) he

had the severe impairments of cervical and lumbar degenerative disc disease; (3)

his impairments do not establish a disability under the Listing of Impairments; (4)

he was unable to perform any past relevant work; and, (5) he has the residual

functional capacity to perform a reduced range of medium work and is capable of

performing work that exists in significant numbers in the national economy.

Stewart sought review of the ALJ's decision by the SSA Appeals Council.

The SSA Appeals Council denied Stewart's request for review in November 2013.

This denial made the Commissioner's decision final. The SSA Appeals Council's

denial of Stewart's request for review made the ALJ's decision final for purposes

of judicial review. 20 CFR §§ 404.981, 404.1481.

## IV. LEGAL STANDARD

An applicant may seek judicial review of a final agency decision. 42 U.S.C.

§§ 405(g), 1383(c)(3). This Court's review is limited. The Court reviews de novo

any part of a Magistrate Judge's Findings and Recommendations to which proper objections have been made. Fed. R. Civ. P. 72(b)(3).

A claimant must meet two criteria in order to qualify for disability benefits under the Social Security Act: (1) the claimant must have a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted, or can be expected to last for a continuous period of not less than twelve months; and, (2) the impairment is of such severity that, considering the clamant's age, education, and work experience, the claimant not only is unable to perform previous work, but also is unable to engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d); *Schneider v. Commr. of Soc. Sec. Admin.*, 23 F.3d 968, 974 (9th Cir. 2000).

The Commissioner follows a five-step evaluation process to determine if a claimant is disabled. 42 U.S.C. § 1382C(a)(3). If the Commissioner determines that a claimant is or is not disabled at any point in the five-step process, the review ends. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994). The burden at steps one through four rests on the claimant. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003). The burden at step five shifts to the agency. *Celaya*, 332 F.3d at 1180. Claimants who are not disqualified at step five are eligible for benefits. *Id*.

The Court may disturb an ALJ's final decision only if the ALJ based its findings of fact on legal error or "substantial evidence in the record as a whole"

does not support the findings. *Schneider*, 223 F.3d at 973. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Andrews*, 53 F.3d at 1039. The Court must consider the record as a whole on review, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039.

## V.   DISCUSSION

Stewart contends that the ALJ inappropriately afforded "little weight" to his treating physician's opinions, incorrectly discounted Stewart's testimony, and improperly relied on the testimony of the vocational expert. (Doc. 19). The Court finds that the ALJ permissibly disregarded the limitations recommended by Stewart's treating physician. The Court also finds that the ALJ provided adequate reasons to discount a portion of Stewart's testimony. The Court further finds that the ALJ properly relied on a vocational expert's testimony that considered Stewart's credible limitations. The Court adopts in full Judge Strong's Findings and Recommendations.

**A.     Dr. Galva's Opinion**

Stewart objects to the Magistrate's findings regarding Dr. Galvas's limitations for Stewart and the "little weight" given to Dr. Galvas's opinions. (Doc. 19 at 5-10). Dr. Galvas served as Stewart's treating physician. The ALJ found that Dr. Galvas's treatment notes failed to support his opinions regarding Stewart's limitations. The ALJ further noted conflicts with Dr. Galvas's opinions and Stewart's own testimony, and the record as a whole. (AR 20-21).

Dr. Galvas reported in April 2012 that Stewart needed to lie down or use a recliner and elevate his feet at waist level or above for one hour in each eight-hour day. (AR 20). Dr. Galvas also limited Stewart to lifting and carrying twenty pounds occasionally and ten pounds frequently. Dr. Galvas stated that Stewart could sit, stand, and walk for thirty minutes at a time each for a total of two hours each in an eight-hour work day.

The ALJ gave "little weight" to Dr. Galvas's opinion based on the opinion's inconsistency with the medical evidence. (AR 20). The ALJ relied upon Dr. Galvas's April 2012 opinion as it was the most recent. (AR 21). Dr. Galvas treated Stewart from 2009 through 2012. The ALJ cited the absence of anything in Dr. Galvas's treatment notes that limited Stewart to walking, standing, or sitting for less than eight hours as a basis for the "little weight" determination. The ALJ also

relied on the inconsistency of Dr. Galvas's opinion with Stewart's own testimony that he could lift 40 pounds.

The ALJ justified his "little weight" determination by giving "some weight" to the consistent testimony of other medical professionals. The ALJ gave "some weight" to the opinion of Stewart's therapist, Amy Gilbertson, and a consultatnt physician, Dr. Fernandez, based on their opinion's apparent consistency with the medical evidence.

Gilbertson testified that Stewart could lift up to 50 pounds and carry up to 55 pounds. Gilbertson also testified that Stewart had no limitations in sitting, standing, crouching, kneeling, climbing stairs, or walking. The ALJ also gave "some weight" to the opinion evidence of a medical consultant, Dr. Fernandez, based on his opinion's general consistency with the medical evidence and with Stewart's residual functional capacity at the light exertional level. (AR 20).

The ALJ relied on the physical therapy notes that stated Stewart felt that his function had improved from 50% to 95%, and that he was able to do what he wants. Dr. Galvas's treatment notes stated that Stewart had voiced no new complaints. Dr. Galvas's treatment notes and Stewart's own testimony disclosed that Stewart does not take any medications regularly. Treatment notes also divulge that Stewart had received several steroid injections and Stewart reported that the injections were keeping his pain under control. (AR 19-20).

A treating physician's opinion generally carries more weight than a non-treating physician. *Lester v. Chafer*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must give controlling weight to a treating physician's medical opinion regarding the nature and severity of an individual's impairment if the treating physician's opinion is well-supported and not inconsistent with the other substantial evidence in the case record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). The treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. *Magallnes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

The ALJ must present "specific and legitimate reasons" for discounting a treating physician's opinion in cases where evidence in the record contradicts the treating physician's opinion. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Substantial evidence must support these "specific and legitimate" reasons. *Bray*, 554 F.3d at 1228. The ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence that states his interpretation of the evidence, and make findings based on his interpretation. *Cotton v. Brown*, 799 F.2d 1403, 1408 (9th Cir. 1986).

Dr. Galvas's opinion appears inconsistent with the other substantial evidence in the record. *Edlund*, 253 F.3d at 1157. The ALJ cited several specific and legitimate reasons to discount Dr. Galvas's opinion, including the opinions of

Gilbertson and Dr. Fernandez, Stewart's own contradictory testimony regarding his

capacity, and Dr. Galvas's treatment notes. *Bray*, 554 F.3d at 1228. Accordingly,

the ALJ did not have to assign Dr. Galvas's opinion, as Stewart's treating

physician, controlling weight. *Id*. The Court declines to disturb the  ALJ's decision

to assign Dr. Galvas's opinion "little weight." *Schneider*, 223 F.3d at 973.

**B.     Stewart's Testimony**

Stewart objects to the Magistrate's findings and conclusions relative to

discounting Stewart's testimony. (Doc. 19 at 10). The ALJ discounted a portion of

Stewart's testimony based on Stewart's own testimony regarding his daily

activities. (AR 18-19). Stewart's testimony regarding his daily activities did not

comport with Stewart's reported debilitating symptoms.

The ALJ found that Stewart's credibility was weakened after Stewart

described "daily activities that were not limited to the extent one would expect,

given the complaints of disabling symptoms and limitations." (AR 19). The ALJ

found that Stewart's statements concerning the intensity, persistence and limiting

effect of his symptoms were not credible to the extent that they conflicted with the

residual functional capacity assessment.

The ALJ supported his conclusion by citing Stewart's testimony that he

regularly partakes in activities such as cooking, cleaning, biking, gardening, yard

work, cutting firewood, driving, and shopping. The ALJ referenced Stewart's

testimony that he does not take any medications. The ALJ also noted that Stewart testified that he has the ability to bend over and lift items up to 40 pounds in weight. Finally, the ALJ cited as a basis for weakened credibility the fact that Stewart had quit the Montana Vocational Rehabilitation Program.

A claimant's everyday activities may provide grounds for discrediting the claimant's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). The activities may provide grounds to discredit a claimant's testimony to the extent that the activities contradict claims of impairment, even when the activities suggest some difficulty in functioning. *Molina*, 674 F.3d at 1113.

The ALJ cited several activities in which Stewart regularly partakes, including biking, cutting firewood, and yard work as grounds for weakening Stewart's credibility in light of the inconsistency with Stewart's claimed residual functional capacity assessment. Stewart's activities provide proper grounds for the ALJ's finding of weakened credibility. *Molina*, 674 F.3d at 1113. The Court declines to disturb the ALJ's decision to weaken Stewart's credibility in light of Stewart's admitted everyday activities. *Schneider*, 223 F.3d at 973.

## C.    Vocational Expert Testimony

Stewart objects to the Magistrate's findings and opinions relative to the vocational expert testimony. (Doc. 19 at 13). The ALJ concluded that Stewart was capable of performing a reduced range of medium work and that the jobs Stewart

is capable of performing exist in significant numbers in the national economy. (AR 22-23).The ALJ relied, in part, on the vocation expert's testimony.

The ALJ found that Stewart is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (AR 23). The ALJ asked the vocational expert whether jobs exist in the national economy for an individual of Stewart's age, education, work experience, and residual functional capacity. (AR 22). The vocational expert cited five jobs that Stewart would be capable of performing given these factors: (1) medium exertion level employment included a job as a laundry worker; and, (2) light exertion level employment included jobs as an assembly inspector, assembler, office helper, and rental clerk.

If a claimant shows that he cannot return to his previous job, the burden of proof shifts to the Commissioner to show that the claimant can do other kinds of work. *Magallnes*, 881 F.2d at 756. The Commissioner must show that the claimant can perform other types of substantial, gainful work that exists in the national economy. *Id*. The Commissioner should refer to realistic job opportunities. *Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982). The Commissioner may engage a vocational expert to meet this burden. *Sample*, 694 F.2d at 643.

The ALJ may ask the vocational expert hypothetical questions to establish whether someone with the claimant's limitations will be able to secure

employment in the national economy. *Magallnes*, 881 F.2d at 756. Hypothetical

questions must set out all the limitations and restrictions of the particular claimant.

*Gallant v. Heckler*, 725 F.2d 1450, 1456 (9th Cir. 1984). The ALJ is only required

to include limitations that the ALJ finds to be credible and supported by substantial

evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The vocational expert's opinion has no evidentiary value if the record fails

to support the hypothetical and the hypothetical does not reflect the claimant's

limitations. *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988). The ALJ is free to

accept or reject the restrictions presented in a hypothetical as long as they are

supported by substantial evidence. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th

Cir. 1987). This discretion exists even where the parties present conflicting

medical evidence. *Martinez*, 807 F.2d at 774.

The ALJ relied on testimony that addressed the residual functional capacity

that he believed Stewart actually possessed based on the record. *Bayliss*, 427 F.3d

at 1217. As noted above, the ALJ found that Dr. Galvas's and Stewart's opinions

are inconsistent with the record as a whole, and assigned them "little weight." The

Court will not disturb the ALJ's decision to rely on the vocational expert's

testimony in response to the ALJ's hypothetical question. *Schneider*, 223 F.3d at

973.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the proposed Findings and

Recommendations entered by United States Magistrate Judge Strong (Doc. 18) are

ADOPTED IN FULL. **IT IS FURTHER ORDERED** that Plaintiff Randall C.

Stewart's Motion for Summary Judgment (Doc. 14) is DENIED. The

Commissioner's decision is AFFIRMED. The Clerk is directed to enter judgment

in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social

Security, and close this case.

DATED this 22nd day of January, 2015.

Brian Morris
United States District Court Judge